Michael G. Eiselein
EISELEIN & GRUBBS, PLLP
First Interstate Center, Suite 950
401 North 31st Street
P. O. Box 1729
Billings, Montana 59103-1729
Telephone:  (406) 252-3461
Telecopier:  (406) 245-2660
Email: mike@eglawfirm.com
**Attorneys for Plaintiffs**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| **Stephen Listek, personal representative of the Estate of Michael Listek, deceased,** | No. _____ |
| **Plaintiff,** | |
| vs. | **COMPLAINT**<br>(and demand for jury trial) |
| **O. Pete Council, MD and Sidney Health Center,** | |
| **Defendants.** | |

COMES NOW the Plaintiff, and for his claims against the Defendants alleges as follows:

## THE PARTIES

1. **Stephen Listek** is a resident of San Joaquin County, State of California.  He is the personal representative of the Estate of Michael Listek, having been

appointed by order of the San Joaquin County probate court on July 12, 2010. He is the father of Michael Listek. He brings these claims in his individual capacity as well as in his capacity as the representative of Michael Listek's estate and Michael Listek's heirs.

2. At and prior to the time of his death, Michael Listek was a resident of San Joaquin County, State of California.

3. **O. Pete Council, MD** is a physician residing in and practicing in Sidney, Montana. At all times described herein, Dr. Council was acting as an emergency room physician at Sidney Health Center.

4. **Sidney Health Center**, (**SHC**) is a hospital located in Sidney, Montana. It owns and operates a pharmacy upon its premises. The licensed pharmacists who work there are employees of SHC.

5. The acts and omissions complained of herein all occurred in Sidney Montana.

## JURISDICTION

6. The amount in controversy exceeds $75,000 exclusive of interests and costs.

7. All conditions precedent to the filing of this claim, including the filing and processing of a claim before the Montana Medical Legal Panel, have been met.

8. This court has jurisdiction pursuant to 28 U.S.C. §1332.

## FACTS COMMON TO ALL COUNTS

9. At about 6:30 a.m. on November 29, 2008, **Dr. Council** prescribed valium, Percocet and 75 mcg Fentanyl patches for treatment of acute pain that Michael Listek was experiencing as a result of rib fractures he had sustained on November 27.

10. Fentanyl is a powerful opiate approximately 80 times more powerful than morphine.

11. At the time **Dr. Council** prescribed these medications, Michael had not been on opiates for more than a week and was therefore not opiate tolerant.

12. Prescribing Fentanyl for acute pain, either alone but especially in combination with these other medications in a patient who is not opiate tolerant is absolutely contraindicated.

13. The medications described herein were dispensed by a licensed pharmacist employed by **SHC**.

14. Licensed Montana pharmacists have duties under Montana law to conduct prospective drug review of each prescription drug order presented for dispensing and, when necessary, to take appropriate steps to protect the safety of patients.

15. As of the date that these medications were prescribed and filled, Michael Listek was also taking Effexor and Flexaril. Both **Dr. Council** and the **SHC** pharmacist were aware of this at the time the medications were prescribed and dispensed.

16. As a result of the drugs prescribed by **Dr. Council** and dispensed by **SHC**, Michael Listek experienced respiratory depression followed by cardiopulmonary arrest in the evening hours of November 29, 2008. He died at **SHC** at 9:42 p.m. on that day.

## COUNT ONE

### Negligence/malpractice of Dr. Council

17. **Dr. Council** deviated from accepted standards of medical care by prescribing these medications in a patient who was not opiate tolerant.

18. Having chosen to prescribe the medications as he did, **Dr. Council** further deviated from accepted standards of medical care by failing to admit Michael Listek to the hospital for monitoring of the effects of these medications until it became clear that he would not experience a life threatening respiratory depression.

19. These deviations from accepted standards of medical care amount to negligence.

20. **Dr. Council** knew that the drugs in the amounts and combinations prescribed by him were against the advice of the FDA and were otherwise contraindicated by reason of the danger of life threatening respiratory arrest posed thereby.  By failing to arrange to monitor Michael Listek by admitting him to the hospital, **Dr. Council** deliberately proceeded to act in conscious disregard of the high probability of injury to Michael Listek.

21. The acts and omissions of **Dr. Council** were a cause of the death of Michael Listek and the injuries and damages suffered by him, his estate and his heirs.

## COUNT TWO

### Negligence of SHC/vicarious liability of SHC

22. The licensed **SHC** pharmacist who dispensed these drugs to Michael Listek deviated from accepted standards of pharmacy care by failing to take appropriate steps to protect the safety of Michael Listek.

23. These deviations from accepted standards of pharmacy care amount to negligence.

24. **SHC** is vicariously liable for the acts and omissions of its pharmacist.

25. At all times herein mentioned, **Dr. Council** was acting in his capacity as a **SHC** emergency physician and was either an actual or ostensible agent of

    **SHC**. By reason of this agency relationship, **SHC** is liable for the acts of **Dr. Council**.

26. The acts and omissions of **SHC** and its pharmacist were a cause of the death of Michael Listek and the injuries and damages suffered by him, his estate and his heirs.

## DAMAGES

27. Following the negligent acts of **Dr. Council** and **SHC**, Michael Listek survived for and experienced conscious suffering and fright for an appreciable period of time preceding his death.

28. He and his estate suffered a loss of his lifetime earnings as a result of his death and have incurred the expense of his funeral and other related costs.

29. His heirs, which include his father, his mother and his sister, experienced grief and sorrow as well as the loss of the care comfort companionship, society and advice and support of Michael Listek.

WHEREFORE, the Plaintiff demands judgment against the Defendants as follows:

    A. For all past and future general and special damages and exemplary damages to which the Plaintiff and those that he represents are

entitled by law to recover under the circumstances, in amounts to be determined herein;

C. For Plaintiff's costs of suit; and,

D. For such other and further relief as the Court may deem just and equitable under the circumstances.

DATED this 23rd day of April, 2012.

          /s/
Michael G. Eiselein
EISELEIN & GRUBBS, PLLP
First Interstate Center, Suite 950
401 North 31st Street
P. O. Box 1729
Billings, Montana 59103-1729
Telephone: (406) 252-3461
Telecopier: (406) 245-2660
Email: mike@eglawfirm.com
**Attorneys for Plaintiffs**